UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DION CUNNINGHAM, #495854,

    Petitioner,

v.

Case Number 13-CV-10773

HON. MARK A. GOLDSMITH

CATHERINE S. BAUMAN,

    Respondent.
_____/

## OPINION AND ORDER
## DENYING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 7)

### I. INTRODUCTION

This is a habeas case. Proceeding pro se and presently confined at the Alger Maximum Correctional Facility in Munising, Michigan, Petitioner Dion Cunningham seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his Wayne Circuit Court conviction and sentence for various crimes.[1] See Pet. (Dkt. 1). The matter before the Court is Respondent Catherine S. Bauman's motion for summary judgment (Dkt. 7). In lieu of filing an answer to the petition, Respondent filed the instant motion, arguing that the petition was not timely filed. For

---

[1] In his habeas petition, Petitioner alleges several grounds that entitle him to habeas relief: (i) trial counsel was ineffective for failing to call witnesses trial counsel referred to in his opening statement; (ii) Petitioner was sentenced based on facts not proven to a jury beyond a reasonable doubt; (iii) trial counsel was ineffective for failing to object at sentencing; (iv) the criminal complaint was defective, divesting the trial court of jurisdiction; (v) the trial court erroneously refused to compel the prosecutor to provide discovery materials; (vi) the prosecutor committed misconduct by failing to provide discovery materials; (vii) the police failed to discover the identity of a person who threatened a material defense witness; (viii) trial counsel was ineffective for failing to object to the introduction of evidence by the prosecutor that had not been provided to the defense during discovery; and (ix) appellate counsel was ineffective for failing to raise meritorious claims during Petitioner's direct appeal. Pet. at 6-19.

the reasons stated below, the Court holds that Petitioner is entitled to equitable tolling and will deny Respondent's motion for summary judgment.

## II.  BACKGROUND

After a trial in the Wayne Circuit Court, a jury convicted Petitioner of (i) three counts of assault with intent to commit armed robbery, Mich. Comp. Laws § 750.89, (ii) armed robbery, Mich. Comp. Laws § 750.529, (iii) assault with intent to do great bodily harm, Mich. Comp. Laws § 750.84, (iv) felon in possession of a firearm, Mich. Comp. Laws § 750.224f, and (v) commission of a felony with a firearm. Mich. Comp. Laws § 750.227b.  6/29/2006 Tr. (Dkt. 9-5).  Petitioner filed a direct appeal with the Michigan Court of Appeals, which affirmed his convictions.  People v. Cunningham, No. No. 06-002631-01, 2007 WL 4245643 (Mich. Ct. App. Dec. 4, 2007).  On March 24, 2008, the Michigan Supreme Court denied Petitioner's application for leave to appeal.  People v. Cunningham, 746 N.W.2d 71 (Mich. 2008).

Petitioner attempted to file a motion for relief from judgment in the state trial court on November 18, 2008.  To support this contention, Petitioner has attached copies of Michigan Department of Corrections (MDOC) forms showing that he paid for photocopies and sent legal mail to the Wayne Circuit Court on that date.  11/18/2008 MDOC forms (cm/ecf Pg ID 1299-1300) (Dkt. 11).  A second set of mail disbursement forms shows that Petitioner mailed a supplement to the motion for relief from judgment to the trial court on January 7, 2009. 1/7/2009 MDOC forms (cm/ecf Pg ID 1302-1303) (Dkt. 11).  Another mailing record indicates that Petitioner sent a letter of inquiry about the status of his motion to the trial court on April 8, 2009.  4/8/2009 MDOC form (cm/ecf Pg ID 1305) (Dkt. 11).  Petitioner then apparently sent a letter to the Michigan Judicial Tenure Commission on August 27, 2009, complaining that the motion he sent on November 18, 2008 was never docketed.  8/27/2009 Letter (cm/ecf Pg ID

1307) (Dkt. 11). Petitioner received a reply letter indicating that there was no record of him filing a motion for relief from judgment. 9/8/2009 Letter to Pet'r (cm/ecf Pg ID 1308) (Dkt. 11). The letter also stated that Petitioner "should attempt" to re-file the "motion again directly with the [trial] court." Id.

Petitioner re-filed the motion in the trial court on October 14, 2009, 8/19/2010 Letter (cm/ecf Pg ID 1326) (Dkt. 11), which was subsequently denied. 2/4/2011 Trial Ct. Order (Dkt. 10-8). Petitioner filed a delayed application for leave to appeal this decision with the Michigan Court of Appeals. The delayed application was denied on May 2, 2012. People v. Cunningham, No. 306711 (Mich. Ct. App. May 2, 2012) (Dkt. 10-5). The Michigan Supreme Court subsequently denied Cunningham's application for leave to appeal on October 22, 2012. People v. Cunningham, 821 N.W.2d 552 (Mich. 2012). Petitioner then filed the instant habeas petition.

### III.  ANALYSIS

**A. Legal Standards**

Before the Court is Respondent's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Rule 56 applies to habeas proceedings. See Redmond v. Jackson, 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003) (applying Federal Rule of Civil Procedure 56 to a habeas petition). Under Rule 56, "summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Id. at 769 (quoting Fed. R. Civ. P. 56(c)). "To defeat a summary judgment motion, the non-moving party must set forth specific facts sufficient to show that a reasonable factfinder could return a verdict in his favor." Id. at 769-770.

3

In addition to Rule 56, the Court must also turn to the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"). AEDPA applies to all habeas petitions filed after the act's effective date, April 24, 1996, and imposes a one-year limitations period for habeas petitions. 28 U.S.C. § 2244(d)(1). Petitioner's habeas petition was filed after April 24, 1996, and thus, the provisions of the AEDPA, including the limitations period for filing a habeas petition, apply. Lindh v. Murphy, 521 U.S. 320, 336 (1997).

AEDPA provides, in pertinent part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

28 U.S.C. 2244(a)(1)(A).

Petitions for habeas corpus filed after the limitations period has run are subject to dismissal. Cook v. Stegall, 295 F.3d 517, 519 (6th Cir. 2002).

When a petitioner appeals to the Michigan Supreme Court, but does not petition the United States Supreme Court for a writ of certiorari, his judgment of conviction is finalized when the time for taking an appeal to the United States Supreme Court expires. The one-year statute of limitations does not begin to run until the day after the petition for a writ of certiorari was due in the United States Supreme Court. Jimenez v. Quarterman, 555 U.S. 113, 119 (2009); see also Clay v. United States, 537 U.S. 522, 527 (2003) (explaining that finality for a judgment attaches when the U.S. Supreme Court "affirms conviction on the merits on direct review or denies a petition for a writ of certiorari, or, if a petitioner does not seek certiorari, when the time for filing a certiorari petition expires"). Under Rule 13 of the U.S. Supreme Court Rules, a petition for a

4

writ of certiorari "is timely when it is filed with the Clerk of this Court within 90 days after entry of judgment." U.S. Sup. Ct. R. 13(1).

Importantly, the AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. Id. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The Sixth Circuit has observed that "the doctrine of equitable tolling is used sparingly by federal courts." Robertson v. Simpson, 624 F. 3d 781, 784 (6th Cir. 2010). The burden is on a habeas petitioner to show that he or she is entitled to the equitable tolling of the one-year limitations period. Id.

### B. Discussion

Respondent argues in her summary judgment motion that Petitioner's habeas petition should be barred from federal habeas review by the one-year statute of limitations. Respondent points out that Petitioner did not file his motion from relief from judgment with the state trial court until October 14, 2009. Respondent's Br. at 12 (Dkt. 7). In response, Petitioner argues that he should be entitled to equitable tolling and outlines the unexplained failure of the state trial court in filing his motion for post-judgment relief. Pet'r's Br. at 6-7 (Dkt. 11).

Here, the Michigan Supreme Court denied leave to appeal during Petitioner's direct appeal on March 24, 2008. People v. Cunningham, 746 N.W.2d 71 (Mich. 2008). Petitioner's convictions became final for purposes of § 2244(d)(1) on Monday, June 23, 2008, when the time for filing a petition for writ of certiorari expired. Clay, 537 U.S. at 527. Absent state collateral

review, Petitioner would have been required to file his petition for writ of habeas corpus with this Court no later than June 23, 2009, in order for the petition to be timely filed.

From the material submitted by Respondent, see Rules Governing § 2254 Cases, Rule 5, 28 U.S.C.A. foll. § 2254, Petitioner's post-conviction motion for relief from judgment was docketed by the trial court on October 14, 2009, after the one year limitations period had already expired. Although 28 U.S.C. § 2244 (d)(2) expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the period of limitations contained in the statute, a state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period remaining to be tolled. Jurado v. Burt, 337 F. 3d 638, 641 (6th Cir. 2003). Therefore, it would appear that Petitioner's state post-conviction proceedings did not toll the statute of limitations, rendering his petition untimely. However, as discussed below, Petitioner has demonstrated that he is entitled to equitable tolling.

As his response outlines, Petitioner diligently pursued post-conviction review in the state trial court before the statute of limitations expired and an extraordinary circumstance stood in his way, entitling his petition to equitable tolling. Holland, 130 S. Ct. 2562. The attachments to Petitioner's response demonstrate that Petitioner attempted to file a motion for relief from judgment on November 18, 2008, a supplemental pleading on January 7, 2009, and a letter on April 8, 2009. See Pet'r's correspondence (cm/ecf Pg ID 1299-1300, 1303, 1305) (Dkt. 11). The pleadings were correctly addressed to the trial court and mailed by the Michigan Department of Corrections. See id. But for reasons beyond Petitioner's control and not explained in the letters from the state courts attached to Petitioners response, the trial court never docketed his

6

motion. While Petitioner may have waited for a period of approximately five months to make his inquiry of April 8, 2009, it is not unusual for a motion for relief from judgment to remain pending for such a period. The Court finds that, despite this delay in inquiring about the status of his motion, Petitioner diligently pursued his rights. See, e.g., Miller v. Collins, 305 F.3d 491 (6th Cir. 2002) (finding that habeas petitioner diligently pursued ruling where motion pended for nine months); Huizar v. Carey, 273 F.3d 1220, 1224 (9th Cir. 2001) (petitioner acted with reasonable diligence where, having received no response from the court two months after having mailed post-conviction review motion, wrote the court without reply, and then waited an additional twenty-one months before sending another copy of motion).

Petitioner then re-filed the motion in the trial court on October 14, 2009, which was then exhausted in the state courts on October 22, 2012, when the Michigan Supreme Court denied Petitioner leave to appeal. Discounting the period when the statute of limitations was equitably tolled by the state court's failure to docket Petitioner's motion, a total of less than one year elapsed on the statute of limitations between the Michigan Supreme Court's denial of Petitioner's application for leave to appeal and Petitioner's filing his petition on February 19, 2013.[2] Therefore, Respondent's motion will be denied.

## IV. CONCLUSION

The Court concludes that Petitioner is entitled to equitable tolling, and his petition is not subject to dismissal on statute of limitations grounds. Accordingly, the Court denies Respondent's motion for summary judgment (Dkt. 7).

---

[2] Although docketed on February 25, 2013, the Court finds that, under the "prison mailroom filing rule," Petitioner filed his habeas petition on February 19, 2013, the date the petition was signed, dated, and presumably delivered to the proper prison authorities for filing. Towns v. United States, 190 F.3d 468, 469 (6th Cir. 1999).

Respondent is ordered to file a responsive pleading addressing the merits of Petitioner's claims by January 21, 2014.

SO ORDERED.

Dated: November 21, 2013                    s/Mark A. Goldsmith
       Flint, Michigan                          MARK A. GOLDSMITH
                                               United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 21, 2013.

                                                      s/Deborah J. Goltz
                                                      DEBORAH J. GOLTZ
                                                      Case Manager